John L. Caffas, Appellant *v.* The Board of School Directors of the Upper Dauphin Area School District and Secretary of Education, Commonwealth of Pennsylvania, Appellees.

Argued February 5, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Clarence C. Morrison,* for appellant.

*Earl R. Etzweiler,* for appellee, Board.

*Edward A. Miller,* Assistant Attorney General, for appellee, Secretary of Education.

OPINION BY JUDGE ROGERS, March 5, 1976:

The appellant, John L. Caffas, has appealed from an order of the Pennsylvania Secretary of Education sustaining the action of the Board of Directors of the Upper Dauphin Area School District terminating the appellant's contract and dismissing him from his teaching position. Mr. Caffas was charged with intemperance, cruelty, and persistent and willful violation of the school laws, any one of which offenses is a ground for termination under Section 1122 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. 11-1122.

The Board of School Directors after a lengthy hearing determined that all three charges had been made out. On appeal, the Secretary of Education determined that the charge of intemperance was not supported by the record but that the charges of cruelty and willful violation of school laws were.

Mr. Caffas raises three questions: (1) whether the Secretary erred in dismissing the charge of intemperance, (2) whether the Secretary erred in concluding that there is substantial evidence in the record supporting the charge of cruelty, and (3) whether there is substantial evidence in the record of persistent and willful violation of the school laws.

Since the Secretary agreed with the appellant that the charge of intemperance had not been sufficiently proved, and since there is no cross-appeal, the appellant's argument in support of the Secretary's action in this regard is, of course, no longer pertinent. The appellant, however, uses a discussion of this charge in the Secretary's opinion as a springboard for an argument that, since the charge of intemperance might have been brought to retaliate for the appellant's expression of disagreement with school board policy in violation of his First Amendment rights,[1] he may not be lawfully dismissed for any other reason. He says that the law is that if the termination of his contract was partially grounded on a constitutionally impressive reason, he may not be dismissed for any other reason or reasons, including cruelty and persistent and willful violation of the school laws. Reliance is placed on *Fluker v. Alabama State Board of Education*, 441 F.2d 201 (5th Cir. 1971), and *Lusk v. Estes*, 361 F. Supp. 653 (N.D. Tex. 1973). Neither of the cases cited support the appellant's argument. In *Fluker v. Alabama State Board of Education, supra,* a three judge Federal Court affirmed a District Court judge's determination that the action of

---

1.  *See Pickering v. Board of Education,* 391 U.S. 563 (1968).

a University in not renewing the contracts of non-tenured faculty members was motivated by a desire to upgrade the faculty and not for the purpose of retaliating for anti-administration activities by the teachers. In the course of the discussion, the author of the panel's opinion declared that the teachers could obtain relief if they could establish that the Board's action was "even partially" in retaliation for anti-administration activities.

In *Lusk v. Estes, supra,* a District Court case, the teacher was charged with what the trial judge describes as "catchall" offenses capable of "sweeping application" which the judge concluded were at least partially motivated by a desire to retaliate for anti-administration activities. In *Fluker v. Alabama State Board of Education, supra,* there was simply no issue as to whether the teachers had improperly performed their professional duties, and in *Lusk v. Estes, supra,* the trier of the facts found that catchall charges were advanced for retaliatory reasons.

In the instant case, the charges of cruelty in the treatment of students and the violation of school laws were stated in the notice furnished the appellant with great particularity and supported at the hearing by overwhelming evidence. As the Secretary properly decided, there is not the slightest evidence that these charges were motivated by the Board's desire to punish for the anti-administration statements which were the basis for the charge of intemperance.

The evidence adduced by the Board of cruelty to students was overwhelming. The Secretary found upon substantial evidence that the appellant subjected the children under his control to the physical abuse of striking them on the head, wrestling them to the ground, propelling them into the walls and against furniture, shaking them and subjecting them to a humiliating form of horseplay referred to locally as "red belly," consisting of exposing the victim's abdomen and rubbing or slapping it in order to produce what the appellant apparently believed was

an interesting florid appearance. There is also substantial evidence that the appellant subjected students and others to cruel and humiliating verbal abuse. On the subject of persistent and willful violation of the school laws, there was evidence that the appellant refused to comply with school regulations with reference to the release of children from class, that he struck children on the head in violation of Board directions and that on one occasion, upset at the failure of the faculty to support a proposal made by him, the appellant described his colleagues in grossly abusive fashion and left the meeting without permission.

Finally, we comment that in this end and in the case of *Landi v. West Chester Area School District*, 23 Pa. Commonwealth Ct. 586, 353 A.2d 895 (1976), the Secretary, apparently troubled by the defense in that and this case, that the teacher did not intend to inflict suffering on his students, provides his own rather awkward, but not plainly erroneous, definition of cruelty. We suggest to the Secretary that a fully adequate definition is that of *Black's Law Dictionary* 541 (rev. 4th ed. 1968), as follows:

"[Cruelty is] the intentional and malicious infliction of physical suffering upon living creatures, particularly human beings; or, as applied to the latter, the wanton, malicious, and unnecessary infliction of pain upon the body, or the feelings and emotions; abusive treatment; inhumanity; outrage."

We point out that intent is not irrelevant, but that it may be inferred from the facts and that denials of intent to inflict injury may be rejected, if belied by the actor's demonstrated conduct.

### ORDER

AND NOW, this 5th day of March, 1976, the Order of the Secretary of Education is affirmed and the appeal of John L. Caffas is dismissed.