George Joseph Jones v. Workmen's Compensation Appeal Board and Fisher's Big Wheel, Inc. George Joseph Jones, Appellant.

Argued March 5, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Thomas H. Uber,* with him *James M. Keller,* for appellant.

*Thomas J. Ferris,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, July 19, 1976:

This is an appeal by George Joseph Jones (claimant) from a decision, dated October 9, 1975, of the Workmen's Compensation Appeal Board (Board). It is not disputed that the claimant was an assistant manager of Fisher's Big Wheel, Inc. (employer) and that on August 4, 1974, he worked at the employer's store in Ellwood City, Pennsylvania. He filed a workmen's compensation claim petition on September 4, 1974, alleging, in essence, that: (1) while within the course of his employment on August 4, 1974, he "slipped and smashed [his] knee against the bottom end of [a] counter"; (2) this injury caused him to be totally disabled for a period of approximately twenty-five weeks; and (3) he properly gave notice of this injury to his employer. These essential elements of the claim were denied and challenged by the employer,

The referee held two hearings and, after receiving testimony from nine different witnesses along with other documentary testimony and evidence, he found the facts to be substantially as alleged and concluded that the claimant had suffered an injury within the course of his employment. Total disability benefits were awarded for a twenty-three and one-half week period. The employer appealed to the Board which, without taking additional testimony, reviewed the evidence and testimony in the record, discussed the inconsistencies found therein and determined that "this is a classic case in which the award of the referee is not supported by sufficient competent evidence." The Board then reversed the referee's decision and dismissed the claim petition.

Where the party with the burden of proof has prevailed before the referee, and the Board has not taken additional evidence, our scope of review is limited to whether or not constitutional rights were violated, an error of law committed or any necessary finding of fact was not supported by substantial evidence. *Workmen's Compensation Appeal Board v. Power Systems Division, McGraw Edison,* 20 Pa. Commonwealth Ct. 548, 342 A.2d 445 (1975).

In its decision, the Board seems to have confused the concepts of "competency" of evidence and "credibility" of witnesses. In the law of evidence, competency is "[t]he presence of those characteristics, or the absence of those disabilities, which render a witness legally fit and qualified to give testimony."[1] The "credibility" of a witness, however, is that quality "which renders his evidence worthy of belief."[2] We have held that, under Section 423 of The Pennsylvania

---

[1] Black's Law Dictionary, 355 (Revised Fourth Edition 1968).

[2] Black's Law Dictionary, 440 (Revised Fourth Edition 1968).

Workmen's Compensation Act (Act),[3] unless the Board receives additional testimony, the referee is the ultimate factfinder and that his findings, if supported by competent evidence, may not be disregarded by the Board. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). It is the responsibility of the referee to weigh the testimony and to accept it, or reject it, in whole or in part, *Workmen's Compensation Appeal Board v. Guzman,* 18 Pa. Commonwealth Ct. 275, 334 A.2d 852 (1975), and the Board may not make its own judgment as to the credibility of the evidence. *Workmen's Compensation Appeal Board v. International Furnace Corp.,* 21 Pa. Commonwealth Ct. 390, 345 A. 2d 780 (1975).

The claimant here testified as to the occurrence of the accident and that he reported the accident to his employer by notifying Mr. Bill Alansky, the employer's district manager, who verified that proper notice was given to the employer.[4] Medical testimony by the claimant's doctor was presented which clearly indicated that the claimant sustained an injury which

---

[3] Section 423 of the Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §854 provides: "In any such appeal the board may disregard the findings of fact of the referee if not supported by competent evidence and if it deem proper may hear other evidence, and may substitute for the findings of the referee such findings of fact as the evidence taken before the referee and the board, as hereinbefore provided, may in the judgment of the board, require, and may make such disallowance or award of compensation or other order as the facts so founded by it may require."

The situations where the Board may take additional evidence is, of course, governed by our decision in *Forbes Pavilion Nursing Home v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).

[4] Mr. Alansky's testimony clearly established that he was the claimant's superior and, therefore, notice of the accident to him was proper and sufficient. Section 313 of the Act, 77 P.S. §633.

caused a knee condition, or aggravated an existing condition,[5] and that this injury resulted in the claim for medical care involved herein. The evidence cited is clearly competent and sufficiently substantial, if believed by the referee, to support his findings of fact.[6] We take notice, as did the Board, that the record contains significant testimony, which is both favorable to the employer and contradictory to the claimant's testimony on the questions of occurrence of the accident and notice to the employer. However, it is solely the function of the referee to determine credibility and to make findings of fact. *Ray-O-Vac Company v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 47, 321 A.2d 731 (1974), and the referee

---

[5] An injury resulting from an accident "is compensable though in part attributable to a pre-existing condition." *Workmen's Compensation Appeal Board v. Universal Cyclops Specialty Steel Division of Cyclops Corporation*, 20 Pa. Commonwealth Ct. 261, 264, 341 A.2d 223, 225 (1975).

[6] Evidence is substantial when a reasonable person, acting reasonably, might reach the same conclusion as that reached by the factfinding authority, *Harrisburg Housing Authority v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 413, 322 A.2d 753 (1974). The referee's findings provided, *inter alia*, as follows:

"3. On 8/4/74 claimant bumped his left knee while in the course of his employment with the defendant.

"4. Claimant was totally disabled as a result of said injury from 8/6/74 to January 28, 1975, a period of 25 weeks less a period of 1½ weeks that claimant actually worked during that period.

"5. Claimant notified Mr. Alansky, the defendant's district manager of his injury.

"6. Claimant's disability from the above injury terminated on January 28, 1975.

"7. Claimant received the following medical expenses as a result of said injury:

| | |
|---|---|
| (a) Jameson Memorial Hospital | $629.15 |
| (b) Dr. William H. Pohnart | 820.00 |
| (c) Dr. P. Zalamea | 10.00." |

apparently decided here that the testimony favorable to the claimant was more believable than that offered by the employer. The Board, without taking further evidence, may not reverse the referee as to the credibility of the evidence produced before him merely because it might have evaluated that evidence otherwise. *International Furnace, supra.* We, therefore, reverse the order of the Board and reinstate the order of the referee, entering judgment as indicated in the order following.

### Order

AND Now, this 19th day of July, 1976, the order of the Workmen's Compensation Appeal Board, dated October 9, 1975 is reversed, the award of the referee, dated February 20, 1975, is reinstated and judgment thereon is entered in favor of George Joseph Jones.

Fisher's Big Wheel, Inc. is hereby ordered to pay compensation to the claimant at the rate of $106.00 per week for a period of 25 weeks, less the 1½ weeks that the claimant actually worked, commencing August 6, 1974 and continuing until January 28, 1975 for a total of $2,481.00.

It is further ordered that Fisher's Big Wheel, Inc. shall reimburse to the claimant the sum of $1,459.15 for medical expenses paid by him as a result of his work-related injury in accordance with the provisions of the Act.

The referee's determination of the cessation of disability as of January 28, 1975 and his award of counsel fees in the amount of $498.20 are hereby reinstated.

The above award is to bear interest at the rate of 10% per annum on all deferred payments of compensation in accordance with the provisions of the Act.