John Hobai, Petitioner *v.* Allegheny County Health Department, Respondent.

Argued September 11, 1978, before Judges WIL-KINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*John Hobai*, petitioner, for himself.

*Henry W. Ewalt,* Assistant County Solicitor, with him *Alexander J. Jaffurs,* County Solicitor, for respondent.

OPINION BY JUDGE ROGERS, November 3, 1978:

John Hobai appeals from a decision of the State Civil Service Commission upholding the action of the Allegheny County Health Department removing him from his position in the classified service of Environmental Health Specialist I.

Mr. Hobai was employed by the Allegheny County Health Department for eleven years before his removal for cause on February 4, 1977. In 1976 he was assigned to the county's housing program in which he was required to inspect dwelling places to ascertain their conformance with county safety and health regulations. There is indication in the record that Mr. Hobai was not pleased by being transferred to housing inspection.

The Health Department gave as its reasons for the removal action in the notice provided to Mr. Hobai the following: (1) unwillingness to cooperate with supervisors; (2) insistence on warning occupants that adverse legal action could result from the inspection if health and safety regulations were violated and that they could refuse entry of the inspector; (3) unsatisfactory job performance in accomplishing specific inspections; and (4) unsatisfactory rate of inspections relative to other employees performing similar work.

Mr. Hobai appealed his removal to the State Civil Service Commission which, after an extensive hearing, made the following findings of fact:

10. Appellant failed to make a thorough inspection and cite all violations on his first visit in the Bolivar case.

11. Appellant failed to follow up and take appropriate action by citing violations in the Sargo case.

12. Appellant was given a memorandum dated October 21, 1976 that he continued to neglect to carry his identification card when working in the field.

13. Appellant received his annual performance rating on January 3, 1977, with a score of 33.78 contrast to an average score of 60.05 for all employes in the same classification.

14. Appellant, contrary to rules, failed to observe violations such as lack of heat in bathroom, garbage in a front yard, rodent harborage, fire hazards, and drainage problems.

15. Appellant's inspection rate was about one-half the number of inspections completed by others in the same classification.

16. Appellant was given four written warnings during August, September and October 1976, concerning the inefficient performance of required work.

17. Appellant failed to turn in activity reports at the times required.

18. Appellant ignored and neglected orders given by his superiors.

The Civil Service Commission concluded that just cause for Mr. Hobai's removal had been shown and that he had not been removed for discriminatory or non-merit causes.

Mr. Hobai contends that the findings are not supported by the evidence. In reviewing findings we must accept the determination of the Commission if it is supported by evidence sufficient to convince a reasonable mind to a fair degree of certainty. *McClelland v. State Civil Service Commission*, 14 Pa. Commonwealth Ct. 339, 322 A.2d 133 (1974). We find ample evidence supporting the Commission's findings. Appellant's failure to conduct thorough inspections was testified to by five supervisory personnel, three of whom actually made personal inspections of sites to verify the quality of Mr. Hobai's effort. The performance rating and low inspection rate relative to fellow workers responsible for the same work were documented by supervisors responsible for collecting and analyzing the information. Appellant's failure to carry his iden-

tification card at all times, his delayed filing of activity·reports, and his unwillingness to cooperate with supervisors were similarly supported by testimony and ·documentary evidence. The findings ·clearly and firmly undergird the Commission's conclusions that the Health Department's reasons for removing Mr. Hobai were substantial and provided justification in law for the removal action.

As we noted earlier, one of the reasons for Mr. Hobai's removal given by the Health Department was his "insistence on warning occupants that adverse legal action could result from the inspection. . . ." The Health Department offered no evidence in support of this reason for removal at the Commission hearing, and the Commission made no finding and no conclusion with respect to this matter. Mr. Hobai contends, however, that the Health Department's true reason for removing him was to punish him for his practice of telling persons whose property he was about to inspect that their consent to inspection was necessary to a lawful inspection, that they might refuse to permit him to inspect their properties in which case he would need a warrant, and that if he inspected and found violations criminal action might be taken against them. Mr. Hobai, a layman, believed, and apparently still believes, that unless the warnings he insisted on voicing were given, an inspection, although not objected to by the property owner, would violate the owner's Fourth Amendment right to privacy. He then says that his removal motivated by the desire to punish him for giving these warnings was a violation of his First Amendment rights to free expression. It is apparent from the briefs and argument that Mr. Hobai was provided with instruction on how to perform his duties under the law, to no avail. The requirements that a waiver be knowing and intelligent and that an intentional relinquishment of a known

right be demonstrated, are not applicable to the Fourth Amendment guarantee against unreasonable searches, because it would be "thoroughly impractical to impose on the normal consent search the detailed requirements of an effective warning." *Schneckloth v. Bustamonte,* 412 U.S. 218, 231 (1973). It is also the law that the State has an interest in regulating the speech of its employees based on its interest in the efficiency of the public service it performs through its employees which indeed can overbalance the interest of the employee in commenting on matters of public concern. *Arnett v. Kennedy,* 416 U.S. 134 (1974). Mr. Hobai's warnings would hardly seem to be comments on matters of public concern. Furthermore, we have ruled in much similar circumstances that in the absence of evidence in the record that charges against the employee were motivated by the employer's desire to punish the employee for exercising a constitutional right, the employee may be dismissed for good cause proved although he asserts that one of a number of charges might have been so motivated. *Caffas v. Board of School Directors,* 23 Pa. Commonwealth Ct. 578, 353 A.2d 898 (1976).

Mr. Hobai's arguments based on the asserted inadequacy of the notice of removal furnished by the Health Department and an alleged distinction between the phrase "unwillingness to cooperate with superiors," charged in the notice, and insubordination, found by the Commission, are without merit. *See School District No. 8 v. Superior Court,* 102 Ariz. 478, 433 P.2d 28 (1967).

Order affirmed.

ORDER

AND Now, this 3rd day of November, 1978, the order of the State Civil Service Commission sustaining

the removal of John Hobai from his position of Environmental Health Specialist I in the Allegheny County Health Department is affirmed.