Benjamin Blascovich, Petitioner *v.* Board of School Directors of Shamokin Area School District, Respondent.

Argued November 14, 1979, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Peter J. O'Brien,* of *O'Brien and Miller,* for petitioner.

*Preston L. Davis,* of *Davis, Davis & Kaar,* for respondent.

OPINION BY JUDGE CRAIG, January 30, 1980:

On this appeal from an order by the Secretary of Education (secretary) dismissing petitioner Benjamin Blascovich's appeal from the decision of the Board of School Directors of the Shamokin Area School District (board) discharging him from his position as a professional employee, our scope of review is limited to a determination of whether the secretary committed an error of law or a manifest abuse of discretion, or whether petitioner's constitutional rights were violated. *Bovino v. Board of*

*School Directors, Indiana Area School District,* 32 Pa. Commonwealth Ct. 105, 377 A.2d 1284 (1977).

After a hearing, the board had found and concluded that:

3. By his conduct in (a) assaulting seventh grade students on December 2, 1977; (b) continually violating school regulations concerning school discipline, corporal punishment and professional relationships with administrators and parents; and (c) disobeying numerous oral directions and explicit written instructions from his principal and superintendent prohibiting him from administering corporal punishment of any kind, Blascovich is guilty of cruelty, persistent negligence and persistent and willful violation of school laws, rules, regulations and policy.

. . . .

7. The charges which are sustained are each independent, valid causes for termination of the employee's contract and any of them considered separately is sufficient to warrant dismissal.[1]

Petitioner first contends that the board's findings were not supported by substantial evidence. "Substantial evidence is the relevant evidence a reasonable mind can accept as adequate to support a conclusion, and we as the reviewing court will not weigh conflicting testimony or judge the weight and credibility of the evidence." *Bovino, supra,* at 109, 377 A.2d at 1287.

For purposes of Section 1122 of the Public School Code of 1949 (code),[2] "cruelty"—an approved cause

---

[1] Charges of incompetency and insubordination were held not to be supported by the evidence and were dismissed.

[2] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1122.

for discharge of a professional employee—has been defined as "the intentional and malicious infliction of physical suffering upon living creatures, particularly human beings . . . the wanton, malicious, and unnecessary infliction of pain upon the body, or the feelings and emotions; abusive treatment; . . . ." *Caffas v. The Board of School Directors of the Upper Dauphin Area School District*, 23 Pa. Commonwealth Ct. 578, 582, 353 A.2d 898, 900 (1976).

Here, the charge of cruelty arose out of complaints received by the school principal, alleging that petitioner had on December 2, 1977 assaulted several seventh grade students in the gym locker room and had, that same day, paddled seven students.

There is substantial evidence in the record to support the finding that petitioner assaulted several students in the locker room on December 2, 1977.

Paul, an eleven year old seventh grade student, testified that, after gym class, in the locker room, petitioner grabbed him by the collar, punched him in the chest four or five times, pushed him against the wall, twice punched him in the eye, nipping him in the nose and knocking his glasses off. As a result of a final blow, Paul testified, he fell to the floor striking his head and knee. Paul also was one of the students who was paddled by petitioner.

Petitioner denied the acts and asserted that the actions he did take were required to protect the safety of the students, who were yelling and pounding on lockers, after a volleyball game. On appeal, petitioner asks us to review the credibility of the witness' testimony, which we will not do.

Physical abuse of students has been held to constitute cruelty under Section 1122 of the Code. *Caffas, supra.*

Further, the paddling of the students directly contravened explicit orders petitioner had received by

letter of June 3, 1976, prohibiting petitioner from administering corporal punishment of *any kind to any student under any circumstances at any place*. Such a violation amounts to "willful and persistent violation of school laws", a proper basis for dismissing a professional employe. *Spano v. School District of Brentwood*, 12 Pa. Commonwealth Ct. 170, 316 A.2d 162 (1974).

The ultimatum was issued by the principal to the petitioner as a result of a series of incidents which began in January, 1976. Over petitioner's objections, testimony with regard to complaints by students and parents was admitted for the limited purpose of developing that background, which included: (1) complaints by students and teachers directed to the kind and method of petitioner's discipline; and (2) notification by the principal to petitioner that the kind and manner of discipline petitioner administered was not condoned and was unacceptable to the school district.

The limited purpose of the admission of this testimony was clearly set forth to establish the setting and basis for the prohibitory order subsequently violated. Contrary to petitioner's assertions, the charge of cruelty was not based on those earlier incidents.

Finally, petitioner claims that he was denied due process of law because the school district solicitor was present during the school board's closed-door deliberations. However, the record is clear that Mr. Leavens, who presided at the hearing and was present during the board's deliberations, did not serve as prosecuting counsel but only as solicitor for the school board. The school district retained independent counsel to prosecute the charges.

There was no impermissible commingling of prosecutorial and adjudicatory functions in a single individual, which constitutes the violation of due process. *English v. North East Board of Education*, 22 Pa.

Commonwealth Ct. 240, 348 A.2d 494 (1974); *In Re: Appeal of Feldman,* 38 Pa. Commonwealth Ct. 634, 395 A.2d 602 (1978).

Because our review of the record discloses substantial supporting evidence and reveals no procedural defect or due process violation, we affirm the decision.

### ORDER

AND Now, this 30th day of January, 1980, the order of the Secretary of Education, at Teacher Tenure Appeal No. 4-78, dated September 13, 1978, dismissing petitioner's appeal is affirmed.

Judge DISALLE did not participate in the decision in this case.