David J. Belasco and Edward R. Powers, Petitioners *v.* The Board of Public Education of the School District of Pittsburgh, Respondent.

The Board of Public Education of the School District of Pittsburgh, Petitioner *v.* David J. Belasco and Secretary of Education, Commonwealth of Pennsylvania, Respondents.

The Board of Public Education of the School District of Pittsburgh, Petitioner *v.* Edward R. Powers and Secretary of Education, Commonwealth of Pennsylvania, Respondents.

Argued September 14, 1984, before Judges Doyle, Colins and Palladino, sitting as a panel of three.

*Eugene P. Girman,* with him, *Louis B. Kushner, Girman & Bacharach,* for petitioners/respondents, David J. Belasco and Edward R. Powers.

*Robert E. Durrant,* with him, *Persifor S. Oliver* and *Bruce D. Campbell, Meyer, Darragh, Buckler, Bebenek & Eck,* for respondents/petitioner, Board of Public Education of the School District of Pittsburgh.

*Linda J. Wells,* Assistant Counsel, with her, *John A. Alzamora,* Senior Counsel, for respondent, Pennsylvania Department of Education.

OPINION BY JUDGE DOYLE, January 7, 1985:

These are consolidated appeals from the decision of the Secretary of Education (Secretary) which reversed the dismissal of teachers Edward R. Powers and David J. Belasco (Petitioners) by the Board of Public Education of the School District of Pittsburgh (Board) and reinstated Petitioners without back pay. Petitions for review of the order of the Secretary have been filed by all three parties. The Board appeals from the reversal of its dismissal order and Petitioners appeal from the denial of back pay. The Secretary has filed a brief limited to the issue of his scope of review.

Petitioners were suspended without back pay immediately following a series of events which transpired on April 20, 1982. On July 2, 1982, Petitioners were formally charged with intemperance, cruelty and willful and persistent violation of the school laws of Pennsylvania.[1] A hearing before the Board was held on July 13, 1982, and on October 25, 1982, Petitioners were dismissed. On December 7, 1983, the Secretary issued an opinion reversing the decision of the Board and ordering Petitioners reinstated but without back pay.

There is no dispute with regard to the essential facts involved in this case. Petitioners were employed as teachers at the Halls Grove Opportunity School in Pittsburgh, Pennsylvania, a school for mentally and socially retarded children. On April 20, 1982, Gary Neel, a student at the school, was involved in a physical altercation with another student. The Board's findings concerning the events that followed were, basically, that Petitioner Powers "swatted"

---

[1] Section 1122 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1122.

Gary on the buttocks with a wooden paddle; that Petitioner Belasco was in his own classroom later that day when two teachers' aides entered and struck Gary with a wooden paddle, hurting him in the process; that Petitioner Belasco neither contributed to the aides' activities nor attempted to intervene, and that Petitioner Belasco "smacked" Gary once with a paddle himself. The Board also found that Petitioners were aware of the Board's policy against corporal punishment, and that "[t]eachers are responsible for the aides assigned to them and control all activities of teachers' aides in the classroom."

The Board argues first that the Secretary exceeded its scope of review by making additional findings of fact without taking additional testimony. In *Strinich v. Clairton School District,* 494 Pa. 297, 431 A.2d 267 (1981), *cert. denied,* 456 U.S. 982 (1982), the Pennsylvania Supreme Court stated that: "To the extent that additional testimony is taken, the Secretary may make additional findings of fact. If no such additional testimony is taken, however, the Secretary's review is limited to traditional appellate review." 494 Pa. at 302 n. 3, 431 A.2d at 270 n. 3. By way of comparison, the Court in *Strinich* cited *Jones v. Workmen's Compensation Appeal Board,* 25 Pa. Commonwealth Ct. 546, 360 A.2d 821 (1976), in which this Court stated that "The [Workmen's Compensation Appeal] Board, without taking further evidence, may not reverse the referee as to the credibility of the evidence produced before him merely because it might have evaluated that evidence otherwise." 25 Pa. Commonwealth Ct. at 551, 360 A.2d at 824.

According to *Strinich,* the Secretary erred in the case sub judice insofar as he made additional findings of fact on the basis of the testimony presented before the Board. It was up to the Board to evaluate

this testimony, and the Board was free to reject it even if uncontradicted. Therefore, and to this extent only, the findings of the Secretary are in error. But even if the Secretary had not made additional findings, the outcome would have been the same because the Board's conclusions, as a matter of law, are not supported by the Board's findings of fact. The Board's decision contained two critical conclusions that each Petitioner had physically abused a student. The Secretary incorrectly recharacterized the Board's conclusions as necessary findings of fact, and thus used the "substantial evidence" test in finding that a reasonable man could *not* have found that physical abuse occurred. *See Landi v. West Chester Area School District,* 23 Pa. Commonwealth Ct. 586, 353 A.2d 895 (1976). The essence of the Secretary's decision, however, was that after reviewing the entire record, even though there *was* substantial evidence to support the Board's findings of fact, those findings would not support the conclusion that physical abuse had occurred. We agree.

This Court's role where the Secretary has taken no additional evidence is to review the decision of the Board and determine, *inter alia,* whether that decision was reached in accordance with law. *See Strinich; Hamburg v. Department of Education,* 73 Pa. Commonwealth Ct. 225, 458 A.2d 288 (1983).

"Cruelty" has been defined as "the intentional and malicious infliction of physical suffering upon living creatures, particularly human beings; or, as applied to the latter, the wanton, malicious, and unnecessary infliction of pain upon the body, or the feelings and emotions; abusive treatment; inhumanity; outrage." *Caffas v. Upper Dauphin School Board Directors,* 23 Pa. Commonwealth Ct. 578, 582, 353 A.2d 898, 900 (1976). It is true that "a single

incident of sufficient severity may justify a charge of cruelty even against a teacher with a long and unsullied record of service." *Landi,* 23 Pa. Commonwealth Ct. at 590, 353 A.2d at 897. But the incident in question here falls short of the "severity" required.[2] *Compare, e.g., Blascovich v. Board of School Directors of Shamokin Area School District,* 49 Pa. Commonwealth Ct. 131, 410 A.2d 407 (1980) with *Landi.*

The same conclusion follows with regard to the Board's finding of "intemperance." We agree with the Secretary's interpretation that a loss of self-control, which may be inferred from the use of excessive force, is the main element of intemperance. There is no showing of loss of self-control or of excessive force in the actions of either Petitioner.

Finally, the use of any form or degree of corporal punishment, where such is forbidden by a school

---

[2] Although the Board found that Petitioner Powers "swatted" Gary Neel and that Petitioner Belasco "smacked" him, Gary's testimony was that neither Petitioner hurt him physically, that Petitioner Powers reprimanded him, gave him "one swat," and sent him on his way, and that Petitioner Belasco "didn't hit me hard," he "was only jagging around with me." Petitioner Powers described his "swat" as a "love-tap" which was administered with "force enough to know it had happened but not enough to hurt. . . ." Petitioner Belasco testified that he hit Gary very lightly with the paddle in an attempt to relieve the tension in the room and lighten the entire situation.

The Board also found that "[t]eachers are responsible for the aides assigned to them and control all activities of teachers aides in the classroom." Petitioner Belasco's testimony, however, established that only one of two aides involved was assigned to him and that he did not interfere with their activities because he was occupied with controlling the other students and did not really believe he could have stopped the aides anyway. No theory of respondeat superior has been propounded. There is thus no basis for concluding that Petitioner Belasco was personally responsible for the actions of the aides.

board policy, may amount to a violation of the school laws of the Commonwealth. *See Harris v. Secretary of Education,* 29 Pa. Commonwealth Ct. 625, 372 A.2d 953 (1977), and there is no dispute that the Board in this case did have such a policy. There has been no showing however, that the violation of this policy by either of the teachers was ''willful and persistent'', as was charged by the Board.

Although the Board found as a fact that Petitioners were aware of the Board's policy against corporal punishment, Petitioner Powers gave uncontradicted testimony that he did not believe his actions amounted to corporal punishment as such had been defined by the Board. There are ample facts in the record to support the legitimacy of this belief. The Board, on the other hand, pointed to the posting in a conspicuous place of a newspaper article on corporal punishment as evidence that teachers had notice of prohibited behavior. But to compare the behavior of either Petitioner to the deplorable behavior of the subject of that newspaper article[3] is simply ludicrous. Even if the Board had legitimately rejected Petitioner Powers' testimony concerning his perception of the policy, at the very most this would have allowed them to find his violation willful. There is absolutely no evidence which would show willfulness on the part of Petitioner Belasco, and there is no evidence which would show persistence on the part of either Petitioner.

The Board cites *Johnson v. United School District Joint School Board,* 201 Pa. Superior Ct. 375, 191 A.2d 897 (1963) for the proposition that even a

---

[3] The article described a teacher who repeatedly mistreated students over a course of several years. Among other things, she was accused of hitting them in the face, throwing books and magazines at them and dragging them across the room by the hair.

single incident may amount to persistent behavior. This is true only where an incident is carried on for a "substantial" period of time. *Gobla v. Board of School Directors of the Crestwood School District,* 51 Pa. Commonwealth Ct. 539, 414 A.2d 772 (1980). There was no such substantial time period in this case.[4]

The Secretary offered no explanation for not awarding Petitioners back pay. Section 1130 of the School Code[5] provides that "there shall be no abatement of salary or compensation" following a wrongful dismissal. This Court held in *Shearer v. Secretary of Education,* 57 Pa. Commonwealth Ct. 266, 424 A.2d 633 (1981), that Section 1130 mandates the payment of back pay plus interest from the date of suspension to the date of reinstatement. To this extent therefore the decision of the Secretary is reversed.

Accordingly, the decision of the Secretary is affirmed as modified and the record is remanded for a determination of Petitioners' back pay.[6]

ORDER

Now, January 7, 1985 the Order of the Secretary of Education, dated December 7, 1983, is hereby affirmed as modified, and the record is remanded to

---

[4] The *Johnson* case is distinguishable from the case at bar. Petitioner Johnson was dismissed for her refusal to attend an open house after having been repeatedly advised of her duty to attend. She acted in direct opposition to *personal warnings.* Although the Board in this case found that teachers at Halls Grove had been advised at faculty meetings of the Board's policy against corporal punishment, there was evidence on the record that the policy was by no means clear cut and that violations in fact ran rampant throughout the school.

[5] 24 P.S. §11-1130.

[6] Because of our disposition of this matter, we need not address the final argument raised by Petitioners concerning the lack of a quorum in the hearing before the Board.

the Secretary for further proceedings consistent with this opinion.