Deborah Ann English *v.* North East Board of Education, Appellant.

Argued October 30, 1975, before President Judge BOWMAN and Judges ROGERS and BLATT, sitting as a panel of three.

*Michael E. Dunlavey,* J.D., with him *Orton & Nygaard,* for appellant.

*George Levin,* with him *Shamp, Levin, Arduini and Hain,* for appellee.

OPINION BY JUDGE BLATT, December 8, 1975:

The Court of Common Pleas of Erie County reversed an adjudication of the North East Board of Education (Board) which terminated the employment of Miss Deborah Ann English as a temporary professional employee. The lower court ordered that she be reinstated and the Board has appealed that order to this Court.

Miss English was hired by the North East School District (School District) as a temporary professional employee for a 185-day period on January 29, 1974. During the course of the succeeding semester she was formally observed twice by Mr. Donald Edwards, her school's principal, and twice on separate occasions by Mr. Glen Muirhead, the School District's superintendent. Mr. Edwards also, of course, had the opportunity to observe her informally from time to time. On June 10, at the end of the semester, Miss English was rated as unsatisfactory by both her principal and the superintendent. She was then afforded a hearing before the Board, held on June 26, to determine whether or not she could continue to teach in the School District. At the hearing, both the principal and the superintendent testified as to their reasons for giving her an unsatisfactory rating and her attorney was permitted to cross-examine them. She presented evidence on her own behalf and testified for herself as well. The Board, after considering the evidence, issued its adjudication approving the unsatisfactory rating of Miss English and discharging her.

Miss English appealed to the lower court pursuant to the provisions of the Local Agency Law.[1] Prior to the

---

1. Act of December 2, 1968, P. L. 1133, *as amended,* 53 P.S. §11301 et seq.

disposition of that appeal, however, she also filed a complaint in the Federal District Court for the Western District of Pennsylvania alleging denial of her civil rights under 42 U.S.C. §1983 and a denial of due process of law. On November 6, Judge WEBER of the Federal Court issued an order, accompanied by an opinion, granting the Board's motion for summary judgment in that action without prejudice to any rights Miss English might still assert under state law. On January 24, 1975, the court below, without taking any additional evidence, reversed the Board on the basis that its adjudication was unsupported by substantial evidence, and it ordered Miss English reinstated as a temporary professional employee.

We cannot accept the lower court's conclusion as to the substantiality of the evidence supporting the Board's adjudication. The major complaint voiced by the principal and the superintendent was that Miss English failed to assert sufficient control over the students in her classroom. The principal stated that on April 17, 1974, two of her students came to his office without her permission and asked him to help restore order in the classroom. He did so, at which time she admitted that she was having a difficult time with the children. Subsequently, on April 23, 1974, he formally observed her classroom performance and concluded that "her room was in confusion, her preparation for the lesson was ineffective and the students were alienated from her." He also observed her "screaming and shouting" at the children when he happened to be walking by her classroom or trying to reach her by intercom. He testified further that: "Her children were consistently not under control, shouting and refusal (sic) to do work and leaving the room without permission." The superintendent's testimony confirmed the principal's opinion as to her lack of control. His first-hand observation was that "[t]here was a general lack of interest and attention on the part of the students," and that Miss English's "continued and unnecessarily loud

attempts at corrections indicated an obvious lack of control." Both witnesses attributed her unsatisfactory rating to a number of other reasons, as well, including her lack of preparation and latenesses. We need not elaborate on those reasons here, but the failure of Miss English to maintain adequate classroom control is serious enough in itself to have warranted the unsatisfactory rating which she received.

Counsel for Miss English argues that more observations would have been desirable to evaluate more thoroughly his client's performance and that there should have been more dialogue between principal and teacher. This may be so. In our view, however, these were considerations for the Board to weigh within its discretion. As has been well established, this Court's review is limited in that we are required to affirm the action of the Board unless we find that it violated constitutional rights, manifestly abused its discretion or committed an error of law, or that any finding of fact made by the agency and necessary to sustain its adjudication is not supported by substantial evidence. *Acitelli v. Westmont Hilltop School District*, 15 Pa. Commonwealth Ct. 214, 325 A.2d 490 (1974). We cannot find an abuse of the Board's discretion in this regard.

Miss English also argues that the method of evaluating her was violative of the Public School Code and regulations promulgated thereunder. She likewise renews her attack upon the Board's procedures as being violative of her due process rights. Especially troublesome in the latter regard is her assertion that the hearing before the Board was not impartial because Mr. Edward Orton, apparently the Board's solicitor, acted in the dual role of judge and prosecutor. Mr. Orton presided at the hearing and made several evidentiary rulings. At the same time, however, he presented the testimony which tended to show that the unsatisfactory ratings were justified and he cross-examined Miss English and her witness, Dr.

Bryant. It would appear that such procedure falls directly within the proscription recently announced by our Supreme Court in *Horn v. Township of Hilltown*, Pa. , 337 A.2d 858 (1975). In that case, at a hearing before a zoning hearing board, the same attorney represented the township's interest in enforcing its zoning ordinance and also conducted the hearing, ruled on evidence and advised the zoning hearing board in legal matters. In our view, Mr. Orton performed essentially the same impermissible dual role in the case at hand.

Judge WEBER'S opinion in the case presented to him by Miss English explicitly rejects the argument that the school board solicitor's acting in his dual capacity deprived her of procedural due process under the Fourteenth Amendment. Nevertheless, Judge WEBER held in his order that the granting of the motion for summary judgment was without prejudice to the rights she might assert under state law. In *Horn*, it was not made clear whether consideration of state or federal constitutional law compelled the result. It is clear, however, that due process is as much required by the state constitution as by the Fourteenth Amendment. *Philadelphia Gas Works Company v. Philadelphia*, 331 Pa. 321, 1 A.2d 156 (1938). In fact, our analysis of two recent decisions convinces us that our state Supreme Court, presumably as a matter of state law, is applying a more stringent standard to prevent a commingling of the judicial and the prosecutorial functions than the United States Supreme Court is presently applying. Compare *Withrow v. Larkin*, 421 U. S. 35 (1975) (decided April 16) to *Dussia v. Barger*, —— Pa. ——, —— A.2d —— (1975) (decided October 3.) We must conclude, therefore, that the *Horn* decision was based on state law and that Judge WEBER'S ruling did not foreclose our consideration of this issue. And, because we must follow *Horn*, therefore, and remand for another hearing before the Board, it is not necessary to consider whether proper notice of the charges was re-

ceived by Miss English prior to the first hearing. Nor do we find any merit in her assertion that her unsatisfactory rating was invalid simply because it was unaccompanied by a numerical score. The ultimate determination as to whether a teacher is rated as satisfactory or unsatisfactory is unrelated to any numerical score. We would, however, caution the Board as to the importance of the anecdotal records which are to accompany the ratings. *See Mullen v. DuBois Area School District,* 436 Pa. 211, 213, n. 3, 259 A.2d 877, 879, n. 3 (1969) ; *Mullhollen Appeal,* 155 Pa. Superior Ct. 587, 39 A.2d 283 (1944).

We reverse the lower court's order and remand the record for proceedings consistent with this opinion.