Bernice Hamburg, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education and North Penn School District, Respondents.

226

Submitted on briefs September 16, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Richard W. Rogers, Rogers, King & Cole*, for petitioner.

*Donna S. Weldon,* Counsel, with her *Michael A. Davis,* Chief Counsel, for respondent, Department of Education.

*Charles Potash,* with him *Harris F. Goldich, Wisler, Pearlstine, Talone, Craig & Garrity,* for respondent, North Penn School District.

OPINION BY JUDGE ROGERS, March 31, 1983:

Bernice Hamburg, a tenured second grade classroom teacher employed for some twelve years by the North Penn School District, here seeks review of an Order of the Secretary of Education (Secretary)[1] affirming the decision of the school authorities to terminate her employment on the ground of incompetency.

Before examining the petitioner's assertions of error we must note that a number of factors contribute to the difficulty of this appeal. First among these is the appellant's failure to comply with Pa. R.A.P. No. 2116(a) requiring a statement of questions presented to be included in the written argument presented to this Court. Instead, the appellant unhelpfully represents our scope of review as the "Question Involved"[2] and then proceeds with a thirty-seven page statement of the case followed by a forty-seven page legal argument, the aggregate well in excess of the maximum permitted by Pa. R.A.P. No. 2135 and, in violation of Pa. R.A.P. No. 2119, undivided into questions presented. In addition, the appellant's brief does not include as an appendix the adjudication of the North Penn School Board although Pa. R.A.P. No. 2111(b) so requires and, as we shall indicate, it is the Board's adjudication to which the appellate focus of this Court is primarily directed.

Compounding this set of difficulties is the breadth of the record created before the school board. Twenty-three evidentiary hearings were held between July,

---

[1] The Secrtary's order was entered September 19, 1980, and was docketed to Teacher Tenure Appeal No. 26-79.

[2] The appellant's brief includes the following:

STATEMENT OF QUESTION INVOLVED

A. Should not the Opinion and Order of the Secretary of Education be reversed because of (1) Errors of law; (2) Findings of Fact not supported by substantial evidence; and (3) Violations of the constitutional Rights of the Appellant?

1979, and the end of November, 1979, producing nearly four thousand pages of exhibits and transcribed testimony. The school board's adjudication contains fifty-eight findings of fact—that of the Secretary of Education; thirty-three factual findings. The appellant contends that none of the Secretary's findings related to her incompetency as a teacher are supported by substantial evidence of record. In this regard the appellant discusses at some length the asserted insufficiency of the evidence expressly relied on by the Secretary with respect to each such finding. Distressingly, all of this discussion misses the mark. Although the parties may have reasonably embraced a contrary view, it is now clear that the function of this court in appeals like that here presented where the Secretary has taken no additional evidence is to review the decision of *school board* and to determine *inter alia* whether *that* decision contains unsupported but necessary factual findings. *Strinich v. Clairton School District,* 494 Pa. 297, 431 A.2d 267 (1981), *cert. denied,* U.S. ; *Board of School Directors of Eastern York School District v. Fasnacht,* 64 Pa. Commonwealth Ct. 571, 441 A.2d 481 (1982). On this score, the appellee's brief refers to and offers citations to the record in support of some thirty factual findings, unnumbered but separated by typographical indention, which resemble in many particulars those contained in the school board's adjudication but which also depart from that document significantly by means of additions, deletions, and material changes in language.

In sum, one of our tasks is to consider the evidentiary support contained in this gargantuan record for each of the fifty-eight factual findings of the school board called into question by the appellant. However, the school board's findings as such are not the target of any attack. Nor are they,—without omissions and exceptions—now the subject of supporting argument.

For this reason alone, it is necessary that we remand this matter for further proceedings.[3]

Due to the protracted nature of this litigation we have endeavored in the face of the substantial difficulties described briefly above to finally decide the legal issues here presented. For the reasons we now

---

[3] The misdirection of the Secretary's appellate focus and the corresponding misapprehension by the appellant of this Court's appellate role is particularly troubling on the facts of this case. Ms. Hamburg was charged by the school district with such serious misconduct as falsely and repeatedly accusing her principal of subjecting her to harassment and threats of physical harm. The school board's finding number 24 is as follows:

> Throughout the school year 1978-1979, the respondent made repeated complaints both in writing and orally to various administrative personnel contending that she was being physically threatened by Mr. Trefsgar, the building Principal, that he continually harassed her and her class. Repeated investigations of these complaints failed to substantiate them and indicated the existence of a poor professional attitude on the part of the respondent.

Our review of the record indicates that the fact of such accusations made by the appellant is supported by her admissions and that the falsity of the accusations was purely a matter of credibility properly resolved by the board. The Secretary, however, makes no findings on this charge and, therefore, the appellant now presents no argument with respect to these findings of the board.

Ms. Hamburg was also charged with attempting to intimidate her professional colleagues and the school board found:

> The respondent failed to maintain a proper professional attitude in following a course of conduct in sharing with members of the staff at the Hancock School, individually and in one case collectively, the fact that she had received unsatisfactory ratings, confronting individuals with statements that were involved in these proceedings, advising that they would be involved in court suits, the statements of their involvement being in many cases not factual [sic] correct purposefully seeking to intimidate members of the staff and resulting in upsetting the staff and causing turmoil in the building. Some of these situations occurred on or about September, 1978, January, 1979, and on February 15, 1979.

230

discuss, such a final decision of the questions of law raised by the appellant is also impossible and we are compelled with respect to those issues to remand the record for further proceedings by the Secretary of Education.

Again, the Secretary did not determine the sufficiency of the evidence to support this finding, although it is apparently supported by the appellant's testimonial admissions and, therefore, the appellant has not presented any argument with respect to this finding.

Like examples of this difficulty could be multiplied. Our decision must be to return this matter to the Secretary for the performance in the first instance of his appellate function as described in *Strinich*.

In contrast, support for a number of the Secretary's findings of professional misconduct, as the appellant points out, consists predominantly of hearsay testimony. The attorney appointed as an examiner by the school board repeatedly overruled the objections interposed by the appellant's counsel to the introduction of hearsay evidence; the examiner reasoning in one instance:

I'm going to overrule Mr. Rogers [sic] objection, but I want to state for the record that I acknowledge that the testimony in certain regards heretofore has consisted of what we would technically identify as hearsay. I believe, however, in an administrative proceeding hearsay testimony is admissible with consideration of the source and the position of the witness, if relevant.

We strongly disagree with this statement to the extent that it implies that a charge of serious misconduct lodged against a tenured professional employee might be sustained on the basis of out-of-court unsworn declarations of witnesses never made available for the purpose of cross-examination by the accused professional employee. As we wrote in *Bleilevens v. Commonwealth, State Civil Service Commission*, 11 Pa. Commonwealth Ct. 1, 312 A.2d 109 (1973) :

The Hearsay Rule is not a technical rule of evidence but a basic, vital and fundamental rule of law which ought to be followed by administrative agencies at those points in their hearings when facts crucial to the issue are sought to be placed upon the record. Indeed, an adjudication of an administrative agency may not be founded wholly on hearsay evidence, although such evidence may be admitted in cases made out by circumstantial evidence, if not inconsistent with

The appellant was notified by letter dated June 20, 1979, of the grounds for her discharge as follows

> At the meeting of the Board of School Directors of the North Penn School District to be held on the 21st day of June, 1979, I will recommend to the Board of School Directors of the North Penn School District that your professional contract with the school district be terminated on the basis of incompetency on your part as a professional employee for the following reasons:

> On February 13, 1979, you received an unsatisfactory rating.

> On April 20, 1979, the next consecutive rating, you received an unsatisfactory rating as a professional employee.

> On June 15, 1979, you received a third consecutive unsatisfactory rating.

Section 1123 of the Public School Code of 1949, 24 P.S. §11-1123 provides in part the following with respect to the discharge of professional school employees on account of incompetency:

### Rating System

> In determining whether a professional employe shall be dismissed for incompetency . . . the pro-

---

the undisputed facts, for the additional light it may throw on the matter. SKF Industries, Inc. v. Cody, 2 Pa. Commonwealth Ct. 19, 276 A.2d 356 (1971); Giordano v. Ralph J. Bianco, Inc., 204 Pa. Superior Ct. 219, 203 A.2d 396 (1974); see A.P. Weaver & Sons v. Sanitary Water Board, 3 Pa. Commonwealth Ct. 499, 284 A.2d 515 (1971). The Civil Service Commission should be particularly astute to exclude hearsay where, as here, the state is attempting to remove a veteran employe from a well-paid position of great responsibility. . . .

*Id.* at 5-6, 312 A.2d at 111. Again, this matter must be remanded for a determination of whether the school board's findings are substantially supported.

fessional employe . . . shall be rated by an approved rating system which shall give due consideration to personality, preparation, technique, and pupil reaction, in accordance with standards and regulations for such scoring as defined by rating cards to be prepared by the Department [of Education] . . .

Applicable regulatory provisions are found at 22 Pa. Code §351.21. These regulations specify the contents of an approved "Temporary Professional Employe/Professional Employe Rating Form" designated Form DEBE-333. Detailed instructions and requirements for the use of the form are also codified and will be discussed at a later point in this opinion. Most notably at this juncture, paragraph four of the regulatory provisions denominated "Detailed Appraisal for Unsatisfactory Rating" provides that "[t]wo consecutive unsatisfactory ratings of a professional employe are necessary to support a dismissal on the grounds [sic] of incompetency."

During the course of the twenty-three evidentiary hearings previously described, the contents of the three 1979 ratings described in the school district's June 22, 1979, letter were explored, corroborated, and refuted in exhaustive detail. Although the existence of a fourth unsatisfactory rating of the appellant's teaching performance made during the 1977-1978 school year is intimated at a number of points in the testimony of her principal, Mr. Trefsgar, no attempt was made before the Board to prove the circumstances surrounding or the contents of this rating. In its brief presented to this Court, the school district expressly disavows any reliance on the 1977-1978 rating:

At the end of 1977-1978 school year, Ms. Hamburg received an unsatisfactory rating, which was accompanied by the required anecdotal records. Ms. Hamburg's rating for the

1977-1978 school year, however, did not enter into these proceedings except as it related to the extensive efforts made by the Administration to work with her to improve her professional pro-formance [sic] during the subsequent school year. (Footnote omitted.)

Brief of Appellee North Penn School District at pages 3-4.

The legal challenge to her discharge mounted by the appellant before the school board and, on appeal, before the Secretary concerned, primarily, the validity of the three ratings made during the 1978-1979 school year as measured by the applicable regulations of the Department. The rating forms were introduced as exhibits by the school district and are included in the record certified to this Court. From our examination of the forms it is apparent and it is conceded by the school district that the forms dated January 31, 1979[4] and April 20, 1979 contain no numerical scoring of the appellant and, therefore, are not in compliance with the following regulatory requirements found on the reverse side of the Department's form DEBE-333 and at 22 Pa. Code §351.21.

### General Rating

. . . .

5. Using the descriptors listed in each category of the card, the rater will attach a numerical value to the employe's performance in each of the four categories — Personality, Preparation, Technique, and Pupil Reaction—to a maximum numerical value of 20 points per category. The aggregate numerical value will not exceed 80 points when adding the four categories.

---

[4] This rating form was apparently signed by the appellant on February 13, 1979 and is designated by reference to this date in the school district's June 20, 1979 letter.

234

6. The final numerical rating for each category will appear in the designated block at the bottom of each category column. The total numerical score of the four categories shall be placed in the rating box.

7. Descriptors in each category shall not be weighted. The objective is to substantiate the numerical score with anecdotal records using the descriptors simply as guides.

8. A rating in any category of less than 20 points shall be substantiated by anecdotal records and discussed with the employe.

The failure to comply with these provisions is in accordance with the following memorandum of Dr. R. Kelly, superintendent of the North Penn School District and introduced as the school district's exhibit 11.

Effective at the beginning of the 1978-1979 academic year each professional employee and temporary professional employee will receive a mid-year DEBE-333 evaluation.

A numerical rating will not be required for professional employees for the mid-year evaluation. A rating of satisfactory of [sic] unsatisfactory will be given. However, a numerical rating will be required for all temporary professional employees.

Notwithstanding the apparent force of this attack on the ratings for failure to include the required numerical scores, the school district, unaccountably, now offers no reason or argument why the defect should be disregarded. Neither is there any quarrel with the principle advanced by the appellant that a rating violative of the regulatory mandate is unavailable to support the school district's proposed personnel action. *See School District of Pittsburgh v. Pyle,* 37 Pa. Commonwealth Ct. 386, 390 A.2d 904 (1978). Indeed, the

strongest argument that might be made in an attempt
to salvage the two mid-year ratings—that the defect is
harmless inasmuch as numerical scores are of particu-
lar moment only in the case of the suspension of a pro-
fessional employee—has been entirely undercut by the
recent opinion in *Carmody v. Board of School Direc-
tors*, Pa. , A.2d (No. 80-3-590 filed Decem-
ber 30, 1982) wherein the Court held that although the
regulatory requirement of anecdotal records is of par-
ticular moment only in discharge cases, the absence of
anecdotal records rendered a rating unavailable to
support the suspension of a professional employee.
Moreover, the *Department* now argues forcefully that
the two mid-year 1979 ratings are fatally defective on
account of their failure to incorporate the required
numerical scores. The Secretary's opinion carefully
avoids the issues of the validity of the two mid-year
1979 ratings, containing the following pertinent dis-
cussion:

> Appellant's second argument, that the Janu-
> ary and April 1979 ratings are deficient for fail-
> ure to specify numerical values, has some basis.
> Paragraphs 5, 6, 7, and 8 of "General Rating"
> in the Standards for Use of DEBE-333, 22 Pa.
> Code §351.21, clearly call for numerical ratings
> in each of the four categories. Neither of these
> ratings contains numerical scores. However,
> both ratings comply with paragraph 1 of "De-
> tailed Appraisal for Unsatisfactory Rating" in
> the DEBE-333 Standards by having a check in
> the block opposite the category designated un-
> satisfactory. Also, both are signed by the rater
> in the unsatisfactory column; and appellant
> does not question that both are accompanied by
> anecdotal records.

> Given this factual background, it is clear
> that these two professional ratings were admis-

sible in an administrative hearing for the purpose of demonstrating that Ms. Hamburg was on actual notice of the District's judgment that her work was unsatisfactory. Furthermore, it is undisputed that Ms. Hamburg received an unsatisfactory rating at the end of the 1977-78 school year. This document, admitted into the record by verbal stipulation at the oral argument before the Secretary's designee, contains numerical ratings in all categories, shows an unsatisfactory rating in Personality, is accompanied by anecdotal records, and is signed by the principal and superintendent. Thus, even if the January and April 1979 ratings were deemed invalid, Ms. Hamburg would have still received two consecutive unsatisfactory ratings: June 1978 and June 1979.

The Department now argues:

The Secretary would urge this court not to adopt a standard that would validate a rating accompanied by anecdotal records but not supported by a numerical scoring. That standard was adopted by the court in English v. North East Board of Education, 22 Pa. Commonwealth Ct. 240, 348 A.2d 494 (1975) *before* the DEBE-333 standards were published.

. . . .

The numerical scores result in the rater being forced to judge the professional employee with greater precision. It requires greater care in evaluation to place the professional employee on a continuum of 1 to 20 than to make general comments about his or her performance. Similarly, the numbers enable comparison between different employee's standards of performance that comments do not. A requirement that each rating less than 20 be accompanied by anecdotal

records has the further salutary effect of triggering anecdotal records. When the rater sees an area in which the employee needs improvement, the Department regulations force him/her to support that scoring with a written evaluation and suggestions. Without the numbers, the ratings will become more general and the need for anecdotal records will disappear in the case of unsatisfactory ratings. Precision in the rating and the requirement of anecdotal records should result in the improved quality of teaching. Therefore, to preserve the intent of the form, the Secretary would urge the court not to abandon the requirement of numbers. If this court permits a dismissal for incompetency without the use of numbers, it will result in districts having no legal incentive to use the numbers or to write anecdotal records except in the case of a dismissal.

An agency's interpretation of its own regulations, unless clearly erroneous or inconsistent with the statutory mandate, is normally entitled to controlling weight. *Barr v. Commonwealth, Department of Public Welfare,* 62 Pa. Commonwealth Ct. 211, 435 A.2d 678 (1981). Therefore, the absence of numerical scores as required by 22 Pa. Code §351.21 would appear to render the ratings dated January 31, 1979 and April 20, 1979 unavailable to support the appellant's discharge.

As that portion of the Secretary's opinion excerpted above indicates, the discharge determination of the school district was affirmed in the face of the apparently defective nature of the two 1979 mid-year ratings on the ground that the requirement of two consecutive unsatisfactory ratings is met by reference to the June, 1979 rating in combination with the year-end 1977-1978 rating. As we have indicated, the 1977-1978

rating was not the subject of proof before the school board and was not included in the notice of dismissal or the specification of charges provided by the district to the appellant. The Secretary nevertheless considered this rating assertedly because the parties stipulated to its admission into evidence before the Secretary's hearing examiner and because Section 1131 of the School Code, 24 P.S. §11-1131 empowers the Secretary in Teacher Tenure cases to "hear and consider such additional testimony as he may deem advisable to enable him to make a proper order." The appellant asserts that there was no such agreement of counsel as to the admissibility of the 1977-1978 rating and that the Secretary's recourse to the earlier rating constitutes error because the school district expressly eschews any reliance on the rating in the discharge determination.

The appellant's arguments are well-taken. Pa. R.C.P. No. 201 provides:

### Agreements of Attorneys

Agreements of attorneys relating to the business of the court shall be in writing, except such agreements at bar as are noted by the prothonotary upon the minutes or by the stenographer on his notes.

No agreement of the parties is here memorialized by written instrument or stenographically or otherwise as to the authenticity or admissibility of the 1977-1978 rating form provided to the hearing examiner by the school district. We would be extremely reluctant to express any view as to which of these officers of the court has now accurately recounted the disputed circumstances before the examiner. Fortunately, the rule cited makes any such expression by this Court unnecessary. The 1977-1978 rating is not properly included in the record.

Additionally, we agree with the appellant that the power of the Secretary to adduce and to consider additional evidence does not include the power to consider and then confirm charges of professional dereliction which the school district employer expressly disavows. The testimony reveals at least two cogent reasons why the school district did not rely on the 1977-1978 rating in determining to discharge the appellant. At the time of the discharge the rating was the subject of a pending Local Agency Law appeal and several school administrators represented to the appellant, apparaently in the utmost good faith, that with the promulgation of certain teaching goals during the summer of 1978 she would begin afresh the 1978-1979 school year with, as it were, a clean slate.

The school district is certainly free to forgive or to forget or to ignore the failure, thought to be temporary and correctable, of a professional employee to sustain a standard of teaching excellence. Management of the district's schools may often require such action and the management of the district's schools has been entrusted by the legislature and by the citizenry of the district to the elected board. If the board, in its unchallenged judgment, expressly determines that forgiveness is called for, the Secretary may not thereafter rely on the conduct forgiven to justify the employee's discharge. To make the same point another way, the Secretary has been granted by the statute power to adduce and to consider additional evidence having to do with the charges proffered by the school board. But the nature of those charges and the decision whether or not to bring them is a matter within the control of the school board and, once the charges are brought, the Secretary is bound by their terms.

In sum, two consecutive unsatisfactory ratings are required if the discharge of the appellant is to be upheld. The appellee school district contends that the

240

ratings to be considered in this regard are the three made during the 1978-1979 school year and that the 1977-1978 rating should not be considered. The appellee Department of Education contends that the 1977-1978 rating ought to be considered and that the two mid-year 1978-1979 ratings must be disregarded as violative of the Department's regulations. The effect of the combination of these contentions is to produce a position which cannot be sustained in its present form. In his decision the Secretary comes to no decision and makes no findings as to the validity and availability of the two mid-year 1978-1979 ratings and instead mistakenly relies on a document not properly in evidence—a copy provided by the school district of the 1977-1978 rating now disavowed by the district. On this state of the record and faced with these mutually inconsistent contentions of the parties, we are compelled to return this difficult matter to the Secretary for further proceedings embodying the applicable standard of the Secretary's review as explicated in *Strinich* and including a determination of the validity of the appellant's discharge without consideration of the 1977-1978 rating.

Reversed and Remanded.

ORDER

AND Now, this 31st day of March, 1983, the order of the Secretary of Education in the above-captioned matter is reversed and the record is hereby remanded for further proceedings consistent with this opinion including a determination of whether the factual findings of the School Board of the North Penn School District are supported by substantial evidence and a determination, without consideration of the rating of the appellant's teaching performance performed during the 1977-1978 school year, of the validity of the discharge of the appellant. Jurisdiction in this court is hereby relinquished.