Bernice I. Hamburg, Petitioner *v.* North Penn School District, Respondent.

Argued October 17, 1984, before Judges WILLIAMS, JR., DOYLE and BARRY, sitting as a panel of three.

*James J. Auchinleck, Jr., McCoy & Auchinleck, P.C.,* for petitioner.

*Charles Potash,* with him, *Harris F. Goldich, Wisler, Pearlstine, Talone, Craig & Garrity,* for respondent.

OPINION BY JUDGE WILLIAMS, JR., December 7, 1984:

Bernice I. Hamburg (Hamburg) seeks review of an Order of the Secretary of Education (Secretary), dated January 9, 1984, which affirmed the decision of the School Board of the North Penn School District (North Penn) to terminate her employment on the ground of incompetency. Hamburg contends that two

unsatisfactory mid-year ratings used to support her discharge were invalid and that the findings of fact found by the Secretary to be supported by substantial evidence do not support her termination for incompetence. We affirm.

Hamburg was a tenured second grade classroom teacher employed for some twelve years at North Penn. During the 1978-1979 school year, she received two unsatisfactory mid-year ratings as well as an unsatisfactory year-end rating. Due to these unsatisfactory ratings, North Penn proposed to terminate her employment as a professional employee on the basis of incompetence as set forth in Section 1122 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1122. Between July 1979 and the end of November 1979, twenty-three evidentiary hearings were held. North Penn's adjudication dismissing Hamburg for incompetency contained fifty-eight findings of fact.

Hamburg appealed her dismissal to the Secretary. The Secretary affirmed her dismissal in an adjudication dated September 19, 1980 containing thirty-three findings of fact. In his 1980 adjudication, the Secretary did not consider the two unsatisfactory 1978-1979 mid-year ratings because of the absence of numerical scores, but relied on the rating Hamburg received at the end of the 1977-1978 school year. North Penn had not based its decision on the 1977-1978 rating. The Secretary carefully avoided the issue of the validity of the two mid-year 1978-1979 ratings. Hamburg appealed the Secretary's September 1980 order to this Court. In that appeal, we remanded the matter to the Secretary for a determination of whether North Penn's findings of fact were supported by substantial evidence and whether Hamburg's discharge was valid without consideration of the 1977-1978 rating. *Ham-*

*burg v. Department of Education,* 73 Pa. Commonwealth Ct. 225, 458 A.2d 288 (1983) (*Hamburg I*).

On January 9, 1984, after remand, the Secretary determined that forty-six of North Penn's factual findings were supported by substantial evidence. The Secretary also determined that Hamburg's two unsatisfactory mid-year ratings for 1978-1979 were valid despite the lack of numerical scores, and that Hamburg's discharge was valid. Hamburg appealed the Secretary's January 1984 adjudication to this Court, where she challenges the validity of the two mid-year 1978-1979 ratings and the Secretary's conclusion that the forty-six findings of fact are sufficient to support her discharge for incompetence.

Our scope of review, where the Secretary has taken no additional evidence, is to review the decision of the *school board* and determine whether *that* decision contains any necessary factual findings which are not supported by substantial evidence, is in accordance with law, and whether any constitutional rights of the appellant were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Strinich v. Clairton School District,* 494 Pa. 297, 431 A.2d 267 (1981), *cert. denied,* 456 U.S. 982 (1982); *Hamburg I,* 73 Pa. Commonwealth Ct. at 228, 458 A.2d at 289.

We will first examine Hamburg's contention that her two unsatisfactory mid-year 1978-1979 ratings were invalid due to the absence of numerical scores. If those two mid-year ratings are invalid, North Penn would have only one unsatisfactory rating, the year-end 1978-1979 rating, to support Hamburg's discharge. That would render her discharge invalid; because the regulations dealing with teacher tenure and ratings require *two consecutive* unsatisfactory ratings to dismiss a professional employee on the ground of incompetency. 22 Pa. Code §351.26.

Section 1123 of the School Code, 24 P.S. §11-1123, requires that the services of professional employees be rated by an approved rating system in accordance with the standards and regulations for such scoring. Pursuant to 24 P.S. §11-1123, the Secretary has promulgated regultions, found at 22 Pa. Code §§351.21 & 351.22, which establish a rating form, the DEBE-333, as well as standards for its use. Our review of those regulations indicate that the DEBE-333 was intended to be used with numerical scores. The regulation dealing with unsatisfactory ratings, 22 Pa. Code §351.26, requires only that unsatisfactory ratings be approved and signed by the district superintendent or intermediate unit director and be supported by anecdotal records. There is no requirement in 22 Pa. Code §351.26 that unsatisfactory ratings contain numerical scores.

In *English v. North East Board of Education*, 22 Pa. Commonwealth Ct. 240, 348 A.2d 494 (1975), we addressed this precise issue where we rejected a teacher's challenge to the validity of her unsatisfactory ratings which lacked numerical scores but were supported by anecdotal records. We held that the ultimate determination of whether a teacher is rated satisfactory or unsatisfactory is unrelated to any numerical score. The important, indeed vital, portion of any unsatisfactory rating is the accompanying anecdotal records. *Id.* at 245, 348 A.2d at 496. It is well-settled that an unsatisfactory rating must have accompanying anecdotal records to be valid. *Mullen v. DuBois Area School District,* 436 Pa. 211, 213 n.3, 259 A.2d 877, 879 n.3 (1969).

On remand, the Secretary held that the regulations do not require the invalidating of teacher ratings where the only technical defect is the failure to use numbers. The Secretary noted that 22 Pa. Code §351.-

26 does not require numbers to sustain an unsatisfactory rating, only anecdotal records, and concluded that:

The numbers are significant in relation to an unsatisfactory rating because they trigger the rater's responsibility to prepare anecdotal records. If the rater prepares careful anecdotal records, then the teacher is informed of the deficiency to be corrected. Without the accompanying anecdotal records, the numbers do not have independent significance.

... When the anecdotal records support the reasons for an unsatisfactory rating and the only defect in the use of the form is the failure to use numbers, the Secretary will not invalidate the rating based on the lack of numbers.

An agency's interpretation of its own regulations, unless clearly erroneous or inconsistent with the statutory mandate, is normally entitled to controlling weight. *Wiley House v. Scanlon,* 502 Pa. 228, 465 A. 2d 995 (1983).

We do not find the Secretary's present interpretation of the regulations either erroneous or inconsistent with the mandate of the School Code. Therefore, as Hamburg's two unsatisfactory mid-year 1978-1979 ratings were supported by anecdotal records and approved by the district superintendent, the ratings were valid and properly used by North Penn to support the appellant's discharge for incompetency.

We now turn to Hamburg's other contention that the findings of fact found by the Secretary to be supported by substantial evidence are not sufficient to constitute "incompetency" under Section 1122 of the School Code so as to justify her termination. We take specific note that Hamburg does *not* challenge the Secretary's conclusion that those forty-six findings of

fact *are* supported by substantial evidence; so that issue is not before us.

Hamburg asserts that "incompetency" as a basis for discharge of a professional employee under Section 1122 of the School Code must be narrowly defined to be a lack of physical or mental ability to physically perform teaching duties. We disagree that such a narrow definition of "incompetency" is mandated by Section 1122. Where it sets forth the criteria for rating teachers to determine competency, the General Assembly specifically set forth four distinct areas which were to be considered: personality, preparation, technique, and pupil reaction. Section 1123 of the School Code, 24 P.S. §11-1123. The General Assembly would not have included those specific areas in the rating system if it intended that "incompetency" sufficient to discharge a professional employee be defined only as the physical or mental inability to perform teaching duties. In construing a statute, a court must assume that the General Assembly intended that every word of the statute would have effect. Section 1922 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922; *Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312 (1979).

We are of the opinion that "incompetency," as used in Sections 1122 and 1123 of the School Code, encompasses deficiencies in personality, composure, judgment and attitude which have a detrimental effect upon a teacher's effectiveness. Here, the findings show serious deficiencies in Hamburg's exercise of prudent judgment as well as her overall professional conduct. The record shows a professional employee who was a disruptive influence at her school; who demonstrated an inability to control her pupils or events in her classroom; who continually failed to maintain poise and composure in front of her students

and in dealings with other professional employees and parents; and who made repeated unfounded complaints, accusations, and threats against other professional employees, administrators, custodians, and clerical staff. We agree with North Penn that such conduct constitutes incompetence sufficient to support Hamburg's dismissal under Section 1122 of the School Code.

Having found Hamburg's two unsatisfactory mid-year 1978-1979 ratings to be valid and the findings of fact adopted by the Secretary sufficient to constitute incompetency under Section 1122 of the School Code, we affirm North Penn's dismissal of Hamburg for incompetence.

ORDER

AND Now, the 7th day of December, 1984, the Order of the Secretary of Education sustaining the decision of the School Board of North Penn School District dismissing Bernice I. Hamburg from employment as a professional employee, on the ground of incompetency under Section 1122 of the Public School Code of 1949, is hereby affirmed.