567 A.2d 758

**PENNCO BUILDERS, INC., Appellant,**

**v.**

**The BLAIR TOWNSHIP WATER AND SEWER AUTHORITY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 1989.

Decided Dec. 13, 1989.

Petition for Allowance of Appeal Denied
May 10, 1990.

Karen L. Steele, Leopold, Eberhardt & Goldstein, Altoona, for appellant.

Michael W. Chorazy, Evey, Routch, Black, Dorezas, Magee & Andrews, Hollidaysburg, for appellee.

Before DOYLE and BARRY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Pennco Builders, Inc. (Pennco) appeals from an order of the Blair County Court of Common Pleas, which in effect granted summary judgment in favor of the Blair Township Water and Sewer Authority (Authority) to the extent that it held that Pennco was not entitled to a refund of tapping fees for water and sewer connections. We affirm.

As the private corporate owner of Penn Farm Estates, a sixty-seven lot residential subdivision located in Blair Town-

ship, Holidaysburg, Pennsylvania, Pennco was required to construct extensions of water and sewer mains into the subdivision in order to obtain approval for it from the Authority. Later, Pennco also built lateral surface lines to each lot, again to fulfill the Authority's requirements. These costs were in excess of $120,000.

Pennco paid water and sewer tapping fees and obtained permits from the Authority before connecting lateral surface lines to the mains. This tapping fee was in excess of $60,000. Pennco now asserts that the Authority has a mandatory duty to refund that tapping fee.

The issue is whether Section 4 B(t) of the Municipality Authorities Act of 1945 [1] mandates the Authority to refund tapping fees to Pennco when Pennco constructed part of a sewer and water system at its own expense. Section 4 B(t) reads as follows:

B.  Every Authority is hereby granted, and shall have and may exercise all powers necessary or convenient for the carrying out of the aforesaid purposes, including but without limiting the generality of the foregoing, the following rights and powers:

. . . .

(t) To charge a tapping fee whenever the owner of any property connects such property with a sewer system or water main constructed by the Authority which fee shall be in addition to any charges assessed and collected against such property in the construction of such sewer or water main by the Authority or any rental charges assessed by the Authority. Whenever a sewer system or water main or any part or extension thereof owned by an authority has been constructed by the authority *at the expense* of a private person or corporation or has been constructed by a private person or corporation under the supervision of the authority *at the expense* of the private person or corporation, the authority *shall have the right* to charge a tapping fee *and refund* such tapping fee or *any part thereof* to

1.  Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. § 306 B(t).

the person or corporation who has paid for the construction of said sewer system or water main or any part or extension thereof. The total of said refunds shall never exceed the cost of said system or main or any part or extension thereof to the person or corporation paying for construction thereof. (Emphasis added.)

Pennco argues that the refunding is mandatory because (1) the Authority incurred no expense in constructing the extensions, (2) it provided no incidental benefits related to them, and (3) the language "and refund" contained in Section 4 B(t) creates an obligatory duty to refund.

■ As to the first argument, the Authority contends to the contrary that the fact that Pennco paid to construct the extensions does not alter the plain meaning of the statute. Indeed, the situation of a private entity constructing "at the expense of the private person or corporation" such items as involved here and the subsequent right of the Authority to refund all or any part of the tapping fees is explicitly provided for in the statute. As this Court has noted, we are to interpret the Legislature's choice of words and phrases as per their usual meanings and recognized usages. *Panko v. Public School Employees' Retirement System*, 89 Pa. Commonwealth Ct. 419, 492 A.2d 805 (1985). There is nothing exotic or ambiguous about the phrase "at the expense of the private person or corporation," nor is the context in which it is used confusing. Therefore, we find Pennco's first argument to be without merit.

■ In regards to Pennco's second argument, that the Authority provided no incidental benefits related to the extensions, the Authority points out that in the absence of its systems and mains, there would have been no connection for Pennco's service lines and extensions. We agree with the Authority that Pennco did benefit from being able to connect to the established systems and mains.

Pennco believes that the existence or non-existence of benefits conferred on a property is important because of a

line of assessment cases in which various courts have held that an Authority's assessment for sewer or water line construction is only proper when an actual benefit is bestowed upon the property.[2] However, as the Authority correctly asserts, assessment caselaw does not apply to tapping fee situations. Indeed, the Legislature has separated the two in Section 4 B(t), wherein it provides that tapping fees such as those involved in this case "shall be in addition to any charges assessed and collected against such property...." Therefore, we give no credence to Pennco's second argument.

As to its third argument, that the language "and refund" establishes an obligatory duty to refund, the Authority asserts to the contrary that the Legislature's use of the phrases "shall have the right" and "any part thereof" creates only a discretionary choice to refund. It is a basic tenet of statutory construction law that an interpreting court is to accept the fact that the Legislature contemplated that each word of the section would have force. Section 1922 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922; *Hamburg v. North Penn School District*, 86 Pa. Commonwealth Ct. 371, 484 A.2d 867 (1984). However, Pennco seems to take the words "and refund" out of context. When read as a whole and with every word being given effect, we find that the words and phrases referenced by the Authority, especially "shall have the right," sound in discretion and do not create a mandatory duty. The phrase "and refund" comfortably accommodates such an interpretation.

Also, the plain meaning of the phrase "any part thereof" is that the Legislature has given the Authority the right to refund "no part thereof" or any amount up to the set limit contained in the statute. Therefore, we find Pennco's third argument to be without merit.

For these reasons, we affirm the trial court.

2. *E.g., Hamilton's Appeal,* 340 Pa. 17, 16 A.2d 32 (1940); *Exeter Township Authority v. Eways,* 36 Pa.Commonwealth Ct. 530, 388 A.2d 1131 (1978).

## ORDER

AND NOW, this 13th day of December, 1989, the order of the Court of Common Pleas of Blair County in the above-captioned matter is hereby affirmed.

BARRY, J., concurs in the result only.