634 A.2d 704

**HORNSTEIN ENTERPRISES, INC., and Alex S. Hornstein**

v.

**TOWNSHIP OF LYNN, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1993.

Decided Nov. 19, 1993.

Reargument Denied Jan. 25, 1994.

Charles A. Waters, for appellant.

James G. Kellar, for appellees.

Before DOYLE and SMITH, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

The Township of Lynn (Township) appeals from the February 17, 1993 order of the Honorable Thomas A. Wallitsch of the Court of Common Pleas of Lehigh County (trial court), entering a declaratory judgment in favor of Hornstein Enterprises, Inc. and Alex S. Hornstein (collectively, Developer). The trial court held that the Township has no authority to

impose a $4,000 per house tapping fee in connection with the furnishing of sanitary sewer service to the homes in Developer's subdivision. We affirm.

Developer proposes to construct, at his own expense, an extension to an existing Township sewer system to service houses to be constructed in a residential subdivision. The single issue before us is whether, after taking over the extension constructed by the Developer, the Township has the authority under Section 1501 of The Second Class Township Code [1] to impose a tapping fee on Developer for the connection of each of the houses in the subdivision to the extended sewer system. [2]

Section 1501 delineates the power of second class townships to establish sewer systems as follows:

(a) Townships may establish and construct a system of sewers and drainage, locating the same as far as practicable along and within the lines of the public roads of the townships as seems advisable to the board of supervisors. The supervisors may permit and, where necessary for the public health, require adjoining and adjacent property owners to connect with and use the same.

. . . .

(b) Whenever an existing sewer system owned by or leased to a township of the second class is extended or altered at the expense of a developer or other private person or corporation under the supervision of such township or a municipal authority of such township, the township supervisors may, by ordinance or resolution, take over said extension or alteration and compel all owners of property *which is not already connected to an existing public sewer system* and which is accessible to and whose principal building is

1. Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 66501.

2. Our scope of review of a declaratory judgment is limited to determining whether the trial court's findings of fact are supported by substantial evidence, or whether the trial court committed an error of law or abuse of discretion. *Associated Pennsylvania Constructors v. Pittsburgh*, 134 Pa.Commonwealth Ct. 536, 579 A.2d 461 (1990), *petition for allowance of appeal denied*, 527 Pa. 618, 590 A.2d 759 (1991).

within one hundred and fifty feet from such sewer extension to pay a tapping fee and make connection therewith and use such sewer system in such manner as they may order. (c) The supervisors may refund all or part of said tapping fee or fees to the developer or other private person or corporation who or which paid for said construction. Said tapping fees may be based upon front foot construction costs, however, the total of said refunds shall never exceed the cost of said extension or alterations. Once said extension or alteration is taken over it shall become part of the existing sewer system.

. . . .

53 P.S. § 66501 (Emphasis added).

## FACTUAL BACKGROUND

The trial court found the following facts. Developer seeks to construct a 116 dwelling unit residential subdivision on a vacant tract of land. The site of the proposed subdivision is in an area of the Township serviced by a sanitary sewer system originally constructed by the Lynn Township Sewer Authority and owned, as of June 5, 1992, by the Township. Before the Township acquired title to the sewer system, the Sewer Authority adopted a resolution imposing a "connection fee" of $1,000 and a "tapping fee" of $4,000, for each dwelling unit connecting to the system.

The Township Board of Supervisors approved Developer's plans for the subdivision, submitted in June of 1988. In connection with the Board's approval, the Sewer Authority approved Developer's proposal to construct an internal collection system linked by an extension to the Township's existing sewer system. The plan provides that Developer is to construct the internal sewer system and extension at his own expense under the Authority's supervision.

Developer sought to enter a subdivision agreement with the Sewer Authority in which Developer offered to maintain the subdivision's sewer system for eighteen months before dedicating it to the Sewer Authority. As a condition to the

proposed agreement, the Sewer Authority sought to impose on Developer a $4,000 tapping fee for each unit to be connected to the sewer system within the development. Developer instituted a declaratory judgment action challenging the legality of the Authority's imposition of the tapping fee.

Thereafter, in anticipation of its acquiring title to the Sewer Authority's sewer system, the Township adopted a resolution requiring the same tapping and connection fees as under the Sewer Authority's resolution. The Township sought to impose the $4,000 tapping fee per unit on Developer, which would result in a total charge of $464,000 for the development. Developer then amended his complaint to substitute the Township for the Authority as the defendant in this matter.

The trial court held that the Township lacks the authority to impose a tapping fee on Developer for the connection of the houses in the subdivision to the sewer extension. The court reasoned that Section 1501(b) authorizes the Township to collect a tapping fee only from third parties who are to be connected to a sewer extension constructed by a developer.

The Township argues that, to the contrary, Section 1501 specifically authorizes the Township to impose tapping fees on Developer in this case. In support of this interpretation, the Township argues that the purpose of a tapping fee is to proportionately spread the cost of increased collection and treatment resulting from the connection of the additional houses among the new users.

## DISCUSSION

■ As noted by the trial court, a basic principle of municipal law in Pennsylvania is that political subdivisions have only such powers as are specifically delegated to them by the constitution or the legislature. *Commonwealth v. Hanzlik*, 400 Pa. 134, 161 A.2d 340 (1960).[3] There is no dispute in this

3. Without deciding an authority's present ability to impose a tapping fee on a developer under the circumstances of this case, we note that at the time that the Sewer Authority sought to impose a tapping fee on Developer, the Municipal Authorities Act of 1945 provided:

case that the Township's power to impose a tapping fee is limited to that expressly set forth in Section 1501 of the Second Class Township Code.

■ Our review of the plain meaning of Section 1501 compels this Court to conclude that Section 1501(b) does not authorize the Township to impose a tapping fee on Developer for the connection of the houses in Developer's subdivision. The relevant language of Section 1501(b) provides that once the Township takes over a developer's sewer extension, the Township has the authority to compel owners of property *not already connected to an existing public sewer system* and within 150 feet of an extension to connect with the extension and pay a tapping fee. However, pursuant to Section 1501(c), once the Township takes over Developer's extension, it becomes part of the Township's existing sewer system. By necessary implication, at the time that the Township takes over Developer's extension, Developer's subdivision will be "already connected" to the Township's existing system. Therefore, Developer does not fall within the category of

> Whenever a *sewer system* or water main or any part or extension thereof owned by an Authority has been constructed by the Authority at the expense of a private person or corporation or has been constructed by a private person or corporation under the supervision of the Authority at the expense of the private person or corporation, the Authority shall have the right to charge a tapping fee and refund said tapping fee or any part thereof to the person or corporation who has paid for the construction of said sewer system or water main or any part or extension thereof.

Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. § 306(B)(t). In practice, this section has been interpreted to permit *an authority* to impose tapping fees on a developer for sewer connections even where the developer constructs the sewer extensions at his own expense. *See Pennco Builders, Inc. v. Blair Township Water and Sewer Authority*, 130 Pa.Commonwealth Ct. 158, 567 A.2d 758 (1989), *petition for allowance of appeal denied*, 525 Pa. 608, 575 A.2d 572 (1990).

The 1990 amendments to the Municipal Authorities Act eliminated the specific reference to the situation where a private party constructs a sewer system at his own expense. The amended act generally authorizes an authority to impose tapping fees on owners of property to be connected to the authority's sewer system. The amended act does provide that "[i]n lieu of the payment of the fee, an Authority may require the construction and dedication of only such capacity, distribution-collection or special purpose facilities necessary to supply service to the property owner or owners." 53 P.S. § 306(B)(t)(1)(iii).

property owners subject to the tapping fee provided in Section 1501(b).

We agree with the trial court that the authority of the Township to impose a tapping fee under Section 1501(b) is limited to the circumstance where a developer constructs a sewer extension at his own expense which the township takes over, requiring those property owners connecting *thereafter* to pay a tapping fee. Otherwise, the interpretation of Section 1501(b) suggested by the Township produces the following result: Because no other section of the Second Class Township Code provides for the imposition of tapping fees, the Developer could not be charged a tapping fee for connecting to an extension financed by the Township but could be charged a tapping fee for connecting to an extension that he himself has financed. Pursuant to the rules of statutory construction,[4] we presume that the General Assembly did not intend such an absurd result. 1 Pa.C.S. § 1922.

▪ We also agree with the trial court that Act 209 of 1990,[5] amending Article V of the Municipalities Planning Code, relating to the prerequisites for assessing sewer and water tap-in fees, does not demand a contrary result. The stated purpose of Act 209 is to ensure that the costs of municipal capital improvements be equitably allocated among property owners.[6] Act 209 is not an independent grant of authority for a municipality to impose a tapping fee. Rather, as the trial court concluded, Act 209 merely prescribes *the method of calculating* a tapping fee where such a fee is authorized. Here, the specific authorization to charge a fee at all must first be found in the Second Class Township Code. We find no such authorization.

Because the Code does not authorize fees in this case, and because the issue is not involved in this appeal, we do not address any question as to the reasonableness of the $4,000

4.  The Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991.

5.  Act of December 19, 1990, P.L. 3, No. 209, *as amended*, 53 P.S. § 10507–A.

6.  53 P.S. § 10501–A.

tapping fee or the manner of its calculation pursuant to Act 209.

For the foregoing reasons, we affirm the order of the trial court that the Township has no authority to impose a tapping fee on Developer in connection with the furnishing of sewer service to Developer's subdivision.

## ORDER

AND NOW, this 19th day of November, 1993, the order of the Court of Common Pleas for the Thirty-first Judicial District (Lehigh County) dated February 17, 1993 at No. 89–C–3326 is hereby affirmed.